**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

GEARRON GRIFFIN,                                     Case No. 1:10-cv-744

        Plaintiff,                              Beckwith, J.
                                                     Bowman, M.J.

   v.

SUN CHEMICAL CORPORATION, et al.,

        Defendants.

**REPORT AND RECOMMENDATION**

Based upon the Plaintiff's failure to keep the Court apprised of his current address, failure to participate in the discovery process, and failure to comply with the prior orders of this Court, I now recommend that this case be **dismissed with prejudice**.  The background of this case has been summarized in prior orders (Docs. 27, 32, 33), but is repeated herein for the convenience of the Court.

**I.  Background**

This employment discrimination case was initiated by Plaintiff through counsel on October 23, 2010.  On June 1, 2011, U.S. Senior District Judge Sandra S. Beckwith entered a scheduling order directing Plaintiff to disclose his experts and provide corresponding reports not later than February 1, 2012, with Defendants to provide corresponding disclosures by March 15, 2012.  (Doc. 21).  Shortly after the scheduling order was entered, this case was referred for mediation.  (Doc. 23).

Mediation proved unsuccessful, and on February 1, 2012, Plaintiffs filed a motion

seeking a two-week extension of Plaintiffs' deadline for completing expert disclosures. (Doc. 24). Given that no prior extensions had been sought by any party, and the two-week extension did not appear to jeopardize any other deadlines, the Court granted Plaintiffs' motion by notational order on February 2, 2012. The following day, Defendant Sun Chemical Corporation sought a corresponding extension of time in which to complete that Defendant's expert disclosures. (Doc. 25). On February 7, 2012, Plaintiffs' counsel moved to withdraw, citing "irreconcilable differences." (Doc. 26).

Plaintiff's counsel's motion to withdraw sought to withdraw due to unspecified "irreconcilable differences," and because Plaintiff "has failed to comply with obligations regarding his representation to counsel." (Doc. 26-1, Affidavit).

Defendant Sun Chemical's corresponding motion for an extension of its expert disclosure deadline shed additional light on the difficulties between Plaintiff and his counsel. In an affidavit, defense counsel represented that over a five-month period, Mr. Lester had "repeatedly advised...that Mr. Griffin was uncooperative and unreachable...." (Doc. 25-1, ¶ 2). Shortly after formal mediation, "Mr. Lester advised ..that Plaintiff was not returning his calls and that consequently, he was in the process of discussing...a motion to withdraw as counsel for Plaintiff." (*Id.,* ¶7). Beginning on November 30, 2011, Mr. Lester represented that his firm intended to promptly withdraw from continued representation. (*Id.,* ¶¶9-11). Based on that representation, attempts to further mediate were discontinued. (*Id.,* ¶12). For the same reason, no discovery was obtained by either party. (*Id.,* ¶18). Based upon Plaintiff's delay in moving to withdraw "promptly," Defendant ultimately sought an order granting an extension to complete its expert disclosures "thirty

(30) days after the completion of Plaintiff's deposition." (*Id.,* ¶20).  Defendant also sought an order barring Plaintiff from obtaining any further extensions of time.

On February 14, 2012, the Court "forewarned [Plaintiff] that he will be expected to promptly respond to future discovery requests," and conditionally granted the motion of Plaintiff's counsel to withdraw from further representation.  The Court directed counsel to serve Plaintiff with a copy of the Court's order and a copy of the Pro Se Litigants Handbook, and directed counsel to notify the Clerk of the last known address and telephone number(s) for Plaintiff.  (Doc. 27).  The Court further ordered Plaintiff to either "obtain new counsel who shall enter his or her appearance in this Court, or, in the alternative, ...[to] file a written notice stating whether he intends to continue to prosecute this action *pro se*."   The Court expressly warned Plaintiff that he "must comply with all discovery obligations, including but not limited to the obligation to submit to a properly noticed deposition by Defendant, regardless of whether Plaintiff is represented by counsel." (*Id*.).

On February 14, 2012, Plaintiff's counsel complied with the Court's conditional order and Plaintiff began to represent himself *pro se.*  (Doc. 28).  Despite counsel having served a copy of the Court's order on Plaintiff, and having provided the Court with Plaintiff's last known address and telephone numbers, the record reflects that the Court's own attempted service of its order by certified mail was returned as "unclaimed."  (Doc. 30).  Nevertheless, on March 9, 2012, Plaintiff filed a "Notice" stating his intention to proceed with the prosecution of his case *pro se* "initially," "and [to] secure counsel if deemed."  (Doc. 29). Plaintiff also identified two expert witnesses, Dr. N.L. Patel, and Dr. Lin Clemens.  (*Id.*).

3

On April 25, 2012, Defendant moved to vacate its deadline for providing expert disclosures indefinitely.  (Doc. 31).  In the same motion, Defendant sought an order compelling the now *pro se* Plaintiff to file overdue responses to Defendant's written discovery requests by a date certain, and to return authorizations for Defendant to obtain Plaintiff's relevant medical records.  Defendant explained that it had properly noticed Plaintiff's deposition for May 11, 2012, and previously requested that Plaintiff sign two Patient Authorization forms attached to Defendant's previously served (and re-served) Requests for Production of Documents, so that Defendant could subpoena and receive Plaintiff's medical records from his two identified medical experts prior to the deposition. Defendant also sought Plaintiff' telephone number, explaining that attempts to reach Plaintiff at both his home telephone number and cellular number provided by Plaintiff's former counsel had been unsuccessful.  (*See* Doc. 28).

Based upon Plaintiff's failure to contact defense counsel, failure to return the HIPAA authorization forms as requested, and failure to respond to the outstanding written discovery requests, the Court granted Defendant's motion.  (Doc. 33).  The Court ordered Plaintiff to serve the overdue discovery responses and provide Defendant with executed authorization forms not later than May 4, 2012, or, alternatively, to file a notice with the Court stating why he is unable to comply with that deadline.  In addition, the Court directed both Plaintiff and defense counsel to appear at a telephonic status conference to be held on May 17, 2012.  (*Id.*).

On the same date, the Court issued a separate "show cause" order to Plaintiff, based both on the course of proceedings to date and the fact that the copy of this Court's February order had been returned to the Court as "unclaimed." (Doc. 30).  The Court's

"show cause" order warned Plaintiff that he had "an affirmative duty to diligently pursue the prosecution of his cause of action, *see Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991), as well as a duty to supply the Court with notice of any and all changes in his address. *See Barber v.Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (citing *Pena v. Seguros La Commercial, S.A.,* 770 F.2d 811, 815 (9th Cir. 1985))." (Doc. 32 at 2).  The Court explained that the Court could use its "inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)," and that Plaintiff's failure to provide the Court with his current address on or before May 10 "**shall result in a Report and Recommendation to the District Court that the action be dismissed.**" *(Id.*, emphasis original*)*.  Plaintiff has not updated the Court with a current address or with any other contact information in response to the "show cause" order.

On May 17, 2012, the Court convened the scheduled telephonic status conference. Defense counsel appeared, but Plaintiff did not.  During the conference, defense counsel represented that Plaintiff did not comply with the Court's order directing him to provide the discovery responses and executed authorization forms by May 4,[1] nor did he make any contact whatsoever with defense counsel despite that attorney's continued attempts to communicate with Plaintiff.

Given Plaintiff's complete failure to comply with the Orders of this Court, his failure to participate in discovery, his failure to keep the Court apprised of his current address or telephone number(s) where he can be reached, dismissal for failure to prosecute is

---

[1]As a result of Defendant's inability to obtain necessary records, Defendant was forced to cancel the previously noticed deposition.

5

appropriate.

**II. Recommendation**

Accordingly, for the reasons discussed herein, **IT IS RECOMMENDED THAT** this

case be **DISMISSED WITH PREJUDICE.**

          *s/ Stephanie K. Bowman*
          Stephanie K. Bowman
          United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

GEARRON GRIFFIN,                                   Case No. 1:10-cv-744

      Plaintiff,                                   Beckwith, J.
                                                   Bowman, M.J.

    v.

SUN CHEMICAL CORPORATION, et al.,

      Defendants.


**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7